THE STATE, EX REL. FINLEY, JUDGE, *v.* PFEIFFER ET AL., BOARD OF COUNTY COMMRS.*

(No. 822—Decided February 1, 1956.)

Mr. *John H. Lamneck* and Mr. *Arthur L. Limbach,* for plaintiff.

Mr. *Russell J. Burt,* for defendants.

HUNSICKER, J. This is an original action in mandamus, filed in this court by the state, on relation of Ralph Finley,

*Judgment affirmed, 165 Ohio St., 496.

Probate Judge of Tuscarawas County, in which the relator seeks an order directing the Board of County Commissioners of Tuscarawas County to provide for the Probate Court the office space adjacent to his quarters, which space is now being used by the county recorder.

A former hearing of this case was had, and, after appeal to the Supreme Court of Ohio, the matter was remanded to this court for "the taking of testimony as to the reasonable necessity for the additional space and facilities demanded by the Probate Court." See: *State, ex rel. Finley, Judge,* v. *Pfeiffer et al., Bd. of County Commrs.,* 163 Ohio St., 149, at p. 157, 126 N. E. (2d), 57.

The claim in the second amended and supplemental petition is that such space is needed for the essential and efficient operation of the Probate Court.

The respondent Board of County Commissioners, by way of answer, among other things, says that "the relator has made demand upon them as commissioners for additional office space for the Probate Court of said county." They, however, deny "that they have refused to furnish the relator with additional office space and that they have been guilty of any abuse of discretion."

They further say that the relator completely dismantled his former courtroom and caused such former courtroom to be used for other Probate Court purposes, and hence, by his own unauthorized action, brought on the situation now existing in the Probate Court, and thus is "estopped to complain."

The respondent Board of County Commissioners further says that there are two courtrooms "available for the use of all courts requiring the same and that relator could make full and proper use thereof by scheduling such use with the Court of Appeals and Common Pleas Courts."

The relator claims, and the evidence shows, that he had, since 1945, frequently requested the Board of County Commissioners to furnish him the additional office space. These requests were refused. This action was thereupon brought to obtain, by court order, the space adjacent to the Probate Court now used as the office and quarters of the county recorder.

Before any testimony was presented in this matter, counsel

for the respondent Board of County Commissioners objected to the introduction of any evidence, on the ground that there was no legal duty on the part of the Board of Commissioners of a county to provide the definite and specific space requested by the Probate Court, and claimed, consequently, that this action in mandamus could not be maintained.

This objection was tentatively overruled, pending the introduction of evidence in this matter. We adhere to the tentative ruling then announced, for the reasons which are set out herein.

Counsel for the respondent board then moved to dismiss this cause, on the ground that the "second amended and supplemental petition," upon which the matter is before this court, did not state a cause of action. This motion was tentatively overruled, pending the introduction of evidence in this matter.

We now adhere to the ruling then made. The motion to dismiss is overruled.

There is great conflict in much of the testimony presented by the parties, but the evidence does show that: the work of the Probate Court has increased to a great extent since 1945; some portion of the office (birth record department) is on the ground floor down a flight of 22 steps; the courtroom which the commissioners have required the judge to use since he turned his former courtroom into an administration office is on the second floor, up a flight of 28 steps; the courtroom which the judge must use can be so used only after arrangements with the judge or officers of the Common Pleas Court. The testimony also shows that, prior to the Probate Judge changing his courtroom to an administration office, there was great need for such space to provide for the proper and efficient functioning of that department of the Probate Court.

Specifically, we do not find that the space in the juvenile detention home (which is about two blocks from the court house), called courtroom space by the respondents, is, in reality, courtroom space, or that it is adequate and suitable for such use, or that, if so used, it would do anything other than impede the efficient operation of the Probate Court. The room in the detention home might be used for Juvenile Court hear-

ings, but such space would not be convenient or suitable for other Probate Court trials.

There is thus more than sufficient credible evidence to show that, both before the original Probate Courtroom was changed to an administration office, and certainly since that time, additional space is needed by the Probate Court, and we do so find.

We do not believe the principle of estoppel or of "waiver," as urged by counsel for the respondent board, applies in this case. The question which this court must determine is whether the evidence presented shows that the Probate Court of Tuscarawas County now needs additional space for the proper and efficient handling of that court's business. To recognize a defense of waiver or estoppel, as urged upon us, would ultimately permit a Board of County Commissioners to deny, except at their pleasure, any changes in space given a court, or the way in which desks, chairs and benches in such space could be arranged.

One of the questions presented herein is that posed on page 81 of the case of *Zangerle, Aud.*, v. *Court of Common Pleas of Cuyahoga County*, 141 Ohio St., 70, 46 N. E. (2d), 865:

"When, by reason of the constantly increasing volume of litigation and other resulting essential activities, the court is unable properly and adequately to function without additional space which is appropriate for the purpose of conducting the business of the court, and the county commissioners neglect or refuse to make such changes as are necessary to provide the additional space in the courthouse required for such purpose, has the court any authority in the matter, or is it althogether powerless?"

Other questions in this case can be stated as follows:

Is there a clear legal duty enjoined upon the Board of County Commissioners to provide space in the courthouse for a Probate Court, where the space allotted to such court is not adequate for the proper and efficient functioning of the court?

Can a Probate Court, where the need for additional space is shown to exist, require the Board of County Commissioners to provide such space by moving the county recorder from the

quarters now occupied by such county recorder and giving such quarters to the Probate Court?

The landmark case in Ohio, with respect to the questions herein, is *Zangerle, Aud., v. Court of Common Pleas, supra.* The *Zangerle case* has been further fortified by the case of *State, ex rel. Finley, Judge, v. Pfeiffer, supra* (the former adjudication of the instant matter).

We do not believe it necessary to set out herein the syllabus in the *Zangerle case,* but the second paragraph of the syllabus in the *Pfeiffer case, supra,* is as follows:

"2. *A court of general jurisdiction located in a courthouse has a paramount right to space therein which is essential for the proper and efficient operation of such court,* but the necessity for such space constitutes a question of fact and *a court is entitled to additional space as against other branches of government only where it is shown that such space is reasonably necessary for its operation as distinguished from being merely desirable.*" (Emphasis ours.)

The court said, at pages 153 and 154:

"We are of the opinion that the Probate Court is a court of general jurisdiction. Assuredly, it has full authority and power to deal with all the subjects entrusted to it, whether that dealing involves legal or equitable jurisdiction. * * * *we are of the opinion that the Zangerle case applies to the Probate Court where that court is located in the courthouse.*" (Emphasis ours.)

And at pages 154 and 155, the court said:

"* * * a court of general jurisdiction has great inherent power to acquire and control the ordinary facilities which are essential to secure and safeguard the free and untrammeled exercise of its functions. * * * that inherent power can not be exercised except for the acquisition of necessary as distinguished from desirable quarters and space."

And the court further said at page 155:

"Many ridiculous results would ensue if the inherent power of the court was not confined to the acquisition of the *space and facilities essential for its proper and efficient* operation. In fact, that is the very language of the third paragraph of the syllabus in the *Zangerle case.* Therefore, the *reasonable neces-*

*sity for additional space, where a court demands space occupied by other branches of government, is a question of fact."* (Emphasis ours.)

We therefore determine that where, as here, it is shown that the proper and efficient operation of the Probate Court, housed in the courthouse, requires additional space adjacent to its present quarters, and we find that such space is reasonably necessary for the proper and efficient operation of that court, such Probate Court can, upon such showing, demand "space occupied by other branches of government," and the Board of County Commissioners is thereupon under a legal duty to provide such space.

The writ prayed for herein is granted.

*Writ allowed.*

STEVENS, P. J., and DOYLE, J., concur.

STEVENS, P. J., HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by designation in the Fifth Appellate District.