THE STATE, EX REL. HOTTLE, APPELLEE, *v.* BOARD OF COUNTY COMMRS. OF HIGHLAND COUNTY ET AL., APPELLANTS.

118

(No. 77-341—Decided December 7, 1977.)

*Messrs. Young & Jones* and *Mr. Fred E. Jones,* for appellee.

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Rankin M. Gibson* and *Mr. Robert J. Walter,* for appellants.

LOCHER, J. Appellants, in their first two propositions of law, contend that the issuance of the writ by the Court of Appeals was in error. This contention is premised upon the assertions of appellants that: (1) Appellee failed to demonstrate that the requested space was reasonably necessary for the operation of the court and (2) appellee did not establish his right to the requested act or that the desired performance is mandatory upon appellants.

Appellants' first two propositions of law are without merit. Although the county commissioners are authorized by statute to provide offices for the county officials and may do this, either in a separate building or in the courthouse, and have control over these offices, whether located in the courthouse or elsewhere, this does not alter the fact that the primary purpose of the courthouse is to provide a permanent seat of justice. *State, ex rel. Bittikofer,* v. *Babst* (1917), 97 Ohio St. 64, 65.

As early as 1842, this court noted the existence of a legal duty upon the county commissioners to furnish all things coupled with the administration of justice within their county. *Commrs. of Trumbull County* v. *Hutchins* (1842), 11 Ohio 368, 371. Further, the statutes mandate that the county commissioners provide a suitable place for the holding of the courts. R. C. 305.22 and 307.01. The landmark case in Ohio, with respect to the instant cause, is *Zangerle* v. *Court of Common Pleas* (1943), 141 Ohio St. 70, wherein this court stated that the primary and paramount

purpose of the courthouse, as its name implies, is to furnish the rooms and facilities essential for the proper and efficient performance of the functions of the courts. The court, in *Zangerle, supra,* thus held that, where the courts, for the purpose of the administration of justice, assert a claim of necessity for the use and occupation of certain rooms, this right of the courts must prevail for the commissioners have no discretion or authority to deprive the courts of the use of any part of the building provided by the building commission for the administration of justice.

In the adjudication of a similar dispute between the Probate Court of Tuscarawas County and the board of county commissioners, the Court of Appeals issued a writ of mandamus, finding that the county commissioners were under a legal duty to provide the requested space for the Probate Court by moving the county recorder from his offices adjoining the court, where the need for the additional space was shown. *State, ex rel. Finley,* v. *Pfeiffer* (1956), 102 Ohio App. 136, affirmed 165 Ohio St. 496. Thus, a court of general jurisdiction located in a courthouse has a paramount right to the space therein which is essential to the proper and efficient operation of such court, but the necessity for such space constitutes a question of fact, and a court is entitled to additional space as against other branches of government only where it is shown that such space is reasonably necessary for the court's operation as distinguished from being merely desirable. *State, ex rel. Finley,* v. *Pfeiffer* (1955), 163 Ohio St. 149, paragraph two of the syllabus.

A perusal of the testimony in the record fortifies the finding of the Court of Appeals in the instant cause that:

"* * * [T]he proper administration of justice * * * *necessitates* and *requires* the occupancy and use by the Common Pleas Court of Highland County of the two rooms * * * on the second floor * * *; that without such rooms being available * * * the Common Pleas Court of Highland County cannot properly function and administer its duties in a proper and efficient manner." (Emphasis added.)

The evidence demonstrates that there is no room for consultation of witnesses, litigants and attorneys, except in the limited space of the law library; that there is no safe place for the court reporter to store the trial notes and trial exhibits; that the assistant court reporter must utilize a part of the second floor hallway and therefore be on constant guard to protect confidential matters from those who traverse this corridor; that there is no jury room, requiring the jury to deliberate in the courtroom; and that there is inadequate space for the probation officer and the Bureau of Support. There is sufficient unrefuted, credible evidence to determine that the Court of Common Pleas required additional space, that such space was necessary for the proper and efficient operation of the court and that the board of county commissioners was thereupon under a legal duty to provide such space. *State, ex rel. Finley,* v. *Pfeiffer, supra* (163 Ohio St. 149).

Appellants' final contention is that the Court of Appeals erred in ordering that the clerk's office be totally removed from the second floor and that the entire second floor be utilized by the Court of Common Pleas and the law library. Appellants urge that this is an expansion of appellee's request and that the court may not, without the consent of the parties affected, enter a judgment which goes beyond the claim asserted in the pleadings. However, upon examination of the complaint, it is evident that the judgment does not go beyond the asserted claim. The eleventh allegation of the complaint reads:

"Relator is entitled by law to any and all parts of the court house which relator requires for the proper operation of Highland County Common Pleas Court, except for space otherwise allocated to the judiciary."

Appellee's prayer entreats:

"Wherefore, relator prays that a writ of mandamus be issued commanding respondents to vacate the office in the Highland County Court House formerly occupied by the automobile title department of the Clerk of Courts, and make same available to relator for the operation of High-

land County Common Pleas Court; for his costs expended herein; *for such other and further orders as may be just and proper.*" (Emphasis added.)

The addition of the emphasized language in the prayer has been held to permit the court to shape its judgment according to the equity of the case and grant the relief warranted. *State, ex rel. Blackwell,* v. *Bachrach* (1957), 166 Ohio St. 301. Additionally, the utility of the phrase was noted by the court in *Raimonde* v. *Van Vlerah* (1975), 42 Ohio St. 2d 21, 26, in its discussion of Civ. R. 54(C):

"* * * Under Civ. R. 54(C), the facts determine the relief to be granted in a particular case * * *. The new rule makes it unnecessary to add the phrase, 'and such further relief as plaintiff may be entitled to in law and equity' to gain such additional relief. * * *"

The legal efficacy of the language of appellee's prayer is thus consistent with the import of Civ. R. 54(C). The result is that the cases are "tried on the proofs rather than the pleadings." *De Loach* v. *Crowley's, Inc.* (C. A. 5, 1942), 128 F. 2d 378, 380.

Clearly, appellee's complaint encompassed the relief granted. The Court of Appeals, having found upon the basis of the submitted evidence that the entire second floor was necessary for the proper administration of justice, acted properly to effectively rectify this impediment to the efficient operation of the Court of Common Pleas.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HERBERT, J., dissenting. Although the syllabus would state the law in an appropriate case, it is my belief that this cause should have been dismissed. See *State, ex rel. Heeter,* v. *Mullenhour* (1977), 51 Ohio St. 2d 145, 148.