ON PETITION FOR REHEARING
ROBERT P. SMITH, Jr., Acting Chief Judge.
This is written September 25,1979. Yesterday we denied petitioners’ petition for *65 writ of prohibition, without opinion, and without requiring a response from the State. As the record stood yesterday, petitioners sought to arrest criminal proceedings in the circuit court, scheduled for trial on Thursday of this week, September 27, asserting that the court lost jurisdiction of the case on June 23, 1979, by operation of Fla.R.Crim.P. 3.191. Yesterday’s record showed that the trial court denied petitioners’ motion for discharge, under the speedy trial rule, on August 10. That was the last significant event in the trial court, according to yesterday’s record.
After a futile telephone inquiry of our clerk concerning the reasons for our decision — all such inquiries are and will be futile — petitioners’ counsel rightly perceived that we may have been influenced against intervention by the fact that we were asked to arrest a trial three days hence, by issuing a show cause order which operates as a stay, Fla.R.App.P. 9.100(f), to review a jurisdictional question decided by the circuit court on August 10, six weeks earlier.
So today petitioners request a rehearing and that we consider an attached supplement to the prohibition petition, showing that petitioners did not inordinately delay their application to this court; that in fact they petitioned the trial court for rehearing of its August 10 order, and the petition for rehearing was denied only recently, on September 18. We are advised also that the scheduled trial has, since yesterday, been set over to November 15.
Considering that the speedy trial rule is one of some complexity, and that defendants who seek its benefit of discharge must frequently contend, and do contend, that the trial court miscalculated the available time, or inadvertently considered the case as controlled by the wrong subsection of Rule 3.191, or otherwise missed some ineluctable nuance in the rule, it would not seem too harsh to expect prohibition petitioners to give us all their contentions, and all the pertinent record, at once; and to strike the new record and further arguments of these petitioners for violation of Fla.R.App.P. 9.330(a). Nevertheless, we consider the jurisdiction claim, as amended.
Petitioners urge that the speedy trial time period expired June 23, when the last 29 days of the 180-day rule period passed. They urge that the running of the 180-day period was interrupted only, not rendered inconsequential, by the granting of their motion for continuance on April 20, 1979, for the reason that the continuance was sought and granted for a hearing on pre-trial motions. Fla.R.Crim.P. 3.191(d)(2). Petitioners concede that a defendant’s motion for continuance on grounds other than as specified in (d)(2) renders the strict time period of the rule inapplicable. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971). They say otherwise concerning continuances on (d)(2) grounds.
Even assuming, not deciding, that petitioners are correct in this respect, their petition as amended still does not state a prima facie case requiring that we take control of the case for more deliberate consideration, after briefing by the State. The trial was scheduled to begin June 1, well within the interrupted 180-day period. It was the continuance of that scheduled trial, on motion by the State, which permitted the 180-day period, by petitioners’ reckoning, to expire without a trial. That continuance motion, objected to by petitioners, was grounded on the State’s “inability to secure the attendance of a crucial out-of-state witness.” Since petitioners have presented no record of the hearing at which that issue was decided, and have advanced no argument that the court was palpably wrong in granting that continuance, we presume the continuance was for exceptional circumstances as authorized by Rule 3.191(f)(i), therefore that a trial within “a reasonable time” was the only requirement thereafter. State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979).
The petition is again DENIED.
ERVIN, J., concurs.
BOOTH, J., specially concurs.