SHIVERS, Judge.
This matter involves the usage of space in the Bradford County Courthouse. The Board of County Commissioners of Bradford County, by resolution, reassigned the grand jury room and the adjacent witness room to the State Attorney and certain rooms used by the County Court Judge to the Public Defender. The Chief Judge of the Eighth Judicial Circuit permanently enjoined the Board of County Commissioners of Bradford County from interfering with any courthouse space originally assigned to the courts without prior written approval of the court. There was no evidentiary hearing prior to the issuance of the injunction.
We recognize the inherent powers of the Chief Judge and the administrative duties with which he is charged. It is the County’s responsibility to provide appropriate courtrooms, facilities, equipment, and, unless provided by the State, personnel necessary to operate the Circuit and County Courts. § 43.28, Fla.Stat. (1977). However, the Board of County Commissioners, as the legislative and governing body of the County, has the power to provide and maintain county buildings. § 125.01(l)(c), Fla.Stat. (1977). It is also the County’s responsibility to provide the State Attorney and the Public Defender with such office space as may be necessary for the proper and efficient functioning of these offices. §§ 27.34(2) and 27.54(3), Fla.Stat. (1977).
The predominant purpose of the courthouse is for the uses of the court and to provide the facilities essential for the efficient operation of such court.
No case in Florida discusses the inherent powers doctrine relating to allocation of courthouse space. The Florida cases that discuss the inherent powers doctrine[1] and relevant decisions from other jurisdictions [2] lead us to conclude that a court of general jurisdiction has inherent power to acquire and control facilities which are essential to secure and safeguard free and untrammeled exercise of its functions, but that inherent power cannot be exercised except for acquisition of necessary as distinguished from desirable quarters and space.
The appropriate course of action is for this matter to be remanded for an eviden-tiary hearing to determine the necessity of the Court’s continued use of the space that the Board of County Commissioners of Bradford County wants to reassign to the State Attorney and Public Defender. The competing branches of government are entitled to develop the facts of this case. Therefore, we deem it appropriate that the Chief Judge of the Eighth Circuit request the Chief Justice of the Supreme Court to temporarily assign a judge from outside of *1249 the circuit to preside over the evidentiary hearing.[3]
In light of our disposition of this case, we find it premature to determine the issue of whether the attorney appointed by the Chief Judge of the Eighth Circuit to defend this appeal is entitled to compensation payable by the County.
Remanded for proceedings consistent with this opinion.
MILLS, C. J., and ROBERT P. SMITH, Jr., J., concur.

. See, for example, Rose v. Palm Beach County, 361 So.2d 135 (Fla.1978) and cases cited therein.

. See, for example, State ex rel. Hottle v. Board of County Commissioners of Highland County et al., 52 Ohio St.2d 117, 370 N.E.2d 462 (Ohio 1977), Anderson County Quarterly Court v. Judges of the 28th Judicial Circuit, 579 S.W.2d 875 (Tenn.App.1978) and State v. Pfeiffer, 163 Ohio St. 149, 126 N.E.2d 57.

. Fla.R.Jud.Admin. 2.030(a)(3), (4) and 2.050(b)(4); See In re Florida Rules of Judicial Administration, 372 So.2d 449, 452, 456 (Fla.1979).