401 So.2d 1330 (1981)
CHIEF JUDGE OF the EIGHTH JUDICIAL CIRCUIT, Appellant, Petitioner,
v.
BOARD OF COUNTY COMMISSIONERS OF BRADFORD COUNTY, Appellee, Respondent.
Nos. 58797, 58798.
Supreme Court of Florida.
July 30, 1981.
*1331 Sam Spector and Cynthia S. Tunnicliff, of Spector, Tunnicliff & McCord, Tallahassee, for appellant, petitioner.
Wilson W. Wright, Tallahassee, for appellee, respondent.
BOYD and OVERTON, Justices.
The Chief Judge of the Eighth Judicial Circuit brings the decision of the District Court of Appeal, First District, reported as Board of County Commissioners v. Judicial Space in the Bradford County Courthouse, 378 So.2d 1247 (Fla. 1st DCA 1979), before the Court for review, having filed both a notice of appeal and a notice invoking our certiorari jurisdiction. We grant certiorari because the decision of the district court affects a class of constitutional officers. Art. V, § (3)(b)(3), Fla. Const. (1972).
The Bradford County Commission adopted a resolution reassigning space being used by the circuit and county courts to other users of the county courthouse. The Chief Judge of the Eighth Judicial Circuit, without holding an evidentiary hearing, then issued an injunction restraining the commission from interfering with the courts' space without court approval.
On appeal, the district court recognized that the Chief Judge, as leading administrative officer for the court system within his circuit, had acted to preserve the courthouse space for uses he deemed essential to the efficient operation of the courts.
[A] court of general jurisdiction has inherent power to acquire and control facilities which are essential to secure and safeguard free and untrammeled exercise of its functions, but that inherent power cannot be exercised except for acquisition of necessary as distinguished from desirable quarters and space.
*1332 378 So.2d at 1248. The district court remanded the matter, however, and directed that an evidentiary hearing be held, to be presided over by a specially assigned judge from outside the Eighth Judicial Circuit. "The competing branches of government are entitled to develop the facts of this case." 378 So.2d at 1248.
Generally, court claims to courthouse space necessary to the performance of official court functions are paramount. Dahnke v. People, 168 Ill. 102, 48 N.E. 137 (1897); State ex rel. Hottle v. Board of County Commissioners, 52 Ohio St.2d 117, 370 N.E.2d 462 (1977); State ex rel. Finley v. Pfeiffer, 163 Ohio St. 149, 126 N.E.2d 57 (1955); Zangerle v. Court of Common Pleas, 141 Ohio St. 70, 46 N.E.2d 865 (1943); see generally 20 Am.Jur.2d Courts § 39 (1965). The courts are not simply another agency of the state or county government but are a co-equal branch of government. As such, they have the inherent power to protect themselves in the performance of assigned duties and functions. Commonwealth ex rel. Carrol v. Tate, 442 Pa. 45, 274 A.2d 193, cert. denied, 402 U.S. 974, 91 S.Ct. 1665, 29 L.Ed.2d 138 (1971); see generally Nowak, Courts & the American System of Government in State Courts: A Blueprint for the Future 143, 144-45 (T. Fetter ed. 1978).
Under the present circumstances, we find the county commission has the burden of showing a lack of any reasonable necessity for continued court use of present space. We emphasize that the county commission is attempting to reduce and restrict the courts' present use of existing space, as distinguished from the courts' seeking additional space or renovation of existing space. In the latter case, the court would carry the burden of showing a reasonable necessity to justify additional or renovated space. Rose v. Palm Beach County, 361 So.2d 135, 138 (Fla. 1978).
In the instant case, the county commission acted unilaterally to reallocate court-used space. The courts then responded unilaterally to protect their existing interest. When administrative views between two governmental branches conflict, we think the public interest will best be served by the public officials of each branch resolving differences in the spirit of cooperation, recognizing the duties, obligations, and responsibilities of the other. Only when that is not possible should a court proceeding commence which affords an opportunity for all interested parties to be heard. See Board of Supervisors v. Flatter, 268 N.W.2d 869 (Iowa 1978).
We agree with the district court of appeal that the county, if it desires, is entitled to an evidentiary hearing before a judicial officer from outside the circuit, at which the county's burden of proof will be as expressed in this opinion. This cause is remanded for further proceedings not inconsistent with the views expressed herein.
It is so ordered.
ADKINS, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., concurs in result only.
ENGLAND, J., dissents with an opinion.
ENGLAND, Justice, dissenting.
I cannot subscribe to this expansion of the inherent powers of the judiciary. I would accord a neutral forum for the resolution of these types of disputes, and I would require a proper showing of respective needs without unduly prejudicing the non-judicial branches of government. The assignment of burdens by the majority does not do that.