571 So.2d 493 (1990)
PEOPLE AGAINST TAX REVENUE MISMANAGEMENT, INC., Danny McDaniel, Joel Dalafave, and Charles Smith, Petitioners,
v.
George S. REYNOLDS, III, As Circuit Judge of the Second Judicial Circuit, and the Other Judges of the Second Judicial Circuit, Respondents.
No. 90-2692.
District Court of Appeal of Florida, First District.
October 4, 1990.
On Rehearing December 18, 1990.
Ken Muszynski, Tallahassee, for petitioners.
Robert A. Butterworth, Atty. Gen., and Charles A. Finkel, Asst. Atty. Gen., for respondent Hon. George S. Reynolds, III.
*494 Hume F. Coleman, Harry R. Detwiler, Jr. and Susan L. Turner of Holland & Knight, Tallahassee, for respondents Leon County and City of Tallahassee.
PER CURIAM.
People Against Tax Revenue Mismanagement, Inc. (PATRM) and certain individuals petitioned this court for a writ of prohibition on grounds that Circuit Judge George S. Reynolds, III, who was assigned to their case below, had incorrectly denied motions for disqualification. Because of the emergency nature of the proceedings we previously issued an unpublished order denying relief with a commitment to issue this opinion setting forth our reasons for doing so.
In September of 1989, the voters of Leon County approved a local option one cent sales tax. It is undisputed that the bulk of Leon County's share of the additional revenues will be used for construction of a new jail and sheriff's complex.
In October, 1989, PATRM and other plaintiffs brought a complaint in circuit court challenging the election on a variety of grounds, including the misuse of public funds to conduct a campaign to obtain approval of the tax, and an allegation that the language placed on the ballot was misleading. Plaintiffs also alleged violations of campaign financing laws and the Sunshine Law.
The named defendants in the lower tribunal were Leon County, the City of Tallahassee, and the Leon County Canvassing Board. On May 1, 1990, the canvassing board was dismissed from the suit and that order was appealed to this court. The remaining defendants below then moved for summary judgment but, before that motion could be heard, the plaintiffs filed their first motion to disqualify Judge Reynolds. The motion was filed on July 2, 1990, and sought disqualification under section 38.10, Florida Statutes, and Florida Rule of Civil Procedure 1.432. Plaintiff Danny McDaniel executed an affidavit wherein he stated that immediately after the election, at a time when he and the other plaintiffs were considering filing a challenge, an unnamed attorney advised him:
that local officials knew of our intentions to file suit and had arranged to have our case disposed of as quickly as possible. We were told that our case would be assigned to a politically motivated judge. The defendants would move for and be granted a dismissal of our complaint on technical argument, and that appellate relief would not be forthcoming.
Another unnamed party was said to have described Judge Reynolds as "too sensitive to the concerns of the county administration." The affiant further stated that he and his counsel discussed the information and decided to proceed with the litigation. When Judge Reynolds' rulings seemed to confirm the information previously given, however, Mr. McDaniel stated he had formed a fear that his case would not receive a fair hearing before Judge Reynolds or any other judge of the circuit.
On July 9, 1990, plaintiffs filed a "Supplement to Motion for Disqualification and Further Suggestion of Additional Grounds of Disqualification or Recusal." This pleading suggested first that persons who supported the tax might be called as material witnesses and that Judge Reynolds and other members of the circuit's judiciary may have relationships with those persons which would or should disqualify them from sitting on the case. It was further stated that the circuit's judges may face property tax increases to fund the jail requirements of the county if the sales tax were invalidated. Plaintiffs alleged that further research since the filing of the motion indicated that Judge Reynolds was quoted in the Tallahassee Democrat on the need for a new jail. It was also contended that the supporters of the tax sought to involve the circuit's judges in their campaign, but there was no allegation of actual involvement. Finally, it was alleged that Judge Reynolds was originally a party defendant to, but had been dismissed from, a lawsuit brought by the Department of Corrections against Leon County to force action on jail overcrowding.
*495 On July 16, 1990, Judge Reynolds denied the motion for disqualification. He noted that adverse judicial rulings alone may not be the basis for disqualification of a judge for bias or prejudice. Gieseke v. Grossman, 418 So.2d 1055 (Fla. 4th DCA 1982). Subjective fears of plaintiffs that they would not receive a fair trial and that the judge had predetermined the merits were not reasonably sufficient to create a well-founded fear requiring disqualification of a judge. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). Additionally, it was found that the motion was untimely under Rule 1.432(c) which requires a motion to disqualify to be made "within a reasonable time after discovery of the facts constituting grounds for disqualification."
On July 25, plaintiffs again sought the same relief through a "Motion to Vacate Order Denying Motion for Disqualification and Renewed Motion for Disqualification." Here, plaintiffs reiterated their prior arguments and further complained that the denial of their earlier motions without a hearing violated due process rights and that such action placed the court in a role adverse to them. Movants bolstered their legal arguments, placing special emphasis on Board of County Commissioners v. In re Judicial Space in the Bradford County Courthouse, 378 So.2d 1247 (Fla. 1st DCA 1979), approved sub nom. Chief Judge of the Eighth Judicial Circuit v. Board of County Commissioners, 401 So.2d 1330 (Fla. 1981). It was also alleged that the remarks made by Judge Reynolds and quoted in the newspaper, which concerned the lack of funds from state sources to build jail facilities, was similar to one of the suggested approaches by advocates of the tax. The motion was denied as legally insufficient in an order dated July 25.
A case management conference was held on August 2 and trial was set for September 10. On August 9 the defendants' motion for summary judgment was granted in part and denied in part. Two weeks later the plaintiffs filed their "Renewed Motion for Disqualification." Most of this motion was a verbatim repetition of arguments previously made by the plaintiffs. The only new material appears to be additional allegations as to the involvement of Chief Circuit Judge Charles McClure in the sales tax campaign and an assertion that Judges McClure and Reynolds might be called as witnesses at trial. This motion was denied on August 24, Judge Reynolds finding that there was no support for the allegation that he might be called as a witness at trial. He found the other claims of plaintiffs had previously been considered and denied as insufficient.
At pre-trial conference on August 23, plaintiffs made an ore tenus motion for continuance that was denied by order dated August 24. On August 29, plaintiffs filed a written motion for stay of trial in the circuit court, relying on the pending action in this court and arguing that trial should await the disposition of appeal. Plaintiffs further stated that they "expect[ed] to be filing today or tomorrow morning at the latest a petition for writ of prohibition" challenging the denials of the motions for disqualification. That motion was, according to the allegations of petitioners, orally denied at a hearing held on September 7.
At 4:23 PM on Friday, September 7, the petition for writ of prohibition and a motion for emergency relief were filed with this court, seeking, among other things, stay of the trial scheduled to commence on Monday, September 10, at 9:00 AM. We issued an order to show cause which stayed proceedings below pursuant to Fla.R.App. P. 9.100(f) and directed the respondents to file written responses. After considering the petition and the responses and having heard argument of counsel, we found the petition to be legally insufficient and denied relief.
Before turning to the substantive grounds for disqualification, we must discuss the timing of the presentation of plaintiffs' claims for relief. As found by Judge Reynolds, the delay in seeking disqualification based on the conversation with an unnamed attorney who asserted plaintiffs could not prevail was in violation of Rule 1.432(c) and a proper basis for denial of the motion. The three subsequent motions are not so clearly violative of the timeliness requirement of the rule. That is, it appears *496 that plaintiffs conducted a continuing search for other information which they felt would serve as grounds for disqualification and, upon discovering such information, they filed a series of motions. The right to an impartial judge is paramount and plaintiffs' actions after the first motion was filed did not run afoul of any express statutory provision or rule. Likewise, there is no legal barrier to the filing of a petition for writ of prohibition less than an hour before this court closes for business on a Friday when petitioner seeks to prevent a trial scheduled to begin on Monday morning. Yet, we do not believe plaintiffs' course of conduct best served the interests of justice. If plaintiffs believed the judge assigned to their case was not impartial, they should have thoroughly and promptly investigated the grounds for disqualification and presented them all in a timely motion. When the motion was denied and movants elected to challenge that ruling by seeking a writ of prohibition rather than waiting to raise the issue on plenary appeal, a petition should have been filed as soon as practicable. See Carr v. Miner, 375 So.2d 64 (Fla. 1st DCA 1979).[1]
We now address the merits of petitioner's claims. In considering the motions for disqualification, Judge Reynolds could not pass on the truth or falsity of the facts alleged, but could determine whether, if taken as true they were legally sufficient. The test to be applied is "whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983).
We have been able to distill seven grounds for disqualification from the numerous and lengthy pleadings of the petitioners. First, two unidentified persons told a member of PATRM that the litigation would not be successful with Judge Reynolds presiding. This ground was, as previously shown, untimely presented. Further, it is not legally sufficient. Raybon v. Burnette, 135 So.2d 228 (Fla. 2d DCA 1961). Second, it was asserted that Judge Reynolds could be called as a witness at trial, but this does not meet the test of showing that the judge will testify as to material fact about which no other witness might testify. Wingate v. Mach, 117 Fla. 104, 157 So. 421 (1934).
Two other claims, that Judge Reynolds would be unlikely to invalidate the sales tax for fear of an increase in his own property taxes and that certain unnamed witnesses might be friends or relatives of his, are simply so speculative and fanciful that we believe they were properly rejected. The fifth ground, denial of the motions without hearing, is not grounds for disqualification. Gieseke.
The motions of plaintiffs, when carefully read, demonstrate that supporters of the sales tax did hope to enlist the support of the local judiciary in obtaining a favorable vote. They conceded they could not show, however, that anyone from that group actually contacted Judge Reynolds, much less that he responded in any way.[2] We also find the Bradford County decisions, which involved a direct dispute for use of courthouse space where the circuit's judges were one of the competing factions, completely distinguishable from the case at bar.
Finally, petitioners rely on a statement by Judge Reynolds in the Tallahassee *497 Democrat on February 26, 1989. There he was quoted as saying:
You have to have the ability in your system to say to criminals that you will be put behind bars if you continue this activity and mean it. Right now we say it and we don't mean it... . The county needs to look at the fact that the state has disappointed us and not completely count on them in the future to cure this problem... . As a practical matter, let's look at what has happened and get real about it, because it's our community.
Petitioners aver that Judge Reynolds' comments were in accord with a portion of the plan promulgated by supporters of the tax which called for a shift of the focus of anti-institutional bias from the City and County to the State. The message would emphasize "that State government is insensitive to the needs of the people of this area, and is unwilling to fund necessary improvements."
We cannot avoid commenting again on the untimeliness of presentation of this issue to the trial judge, although technically there is no rule violation if the matter was presented within a reasonable time of its discovery. On the merits, we do not believe Judge Reynolds' remarks as quoted in the newspaper serve as a basis for disqualification. First, his statement seems to make reference to state government's failure to provide adequate funding for prison beds, while the plan's strategy focuses on the lack of any available state funds to assist with the cost of constructing a new jail. These are obviously two different matters. Second, Judge Reynolds' remarks clearly advocate community awareness of the need for additional local incarcerative facilities, but take no position as to the form the facilities would take or the source of funds for their construction. Under the circumstances, we do not find that the newspaper article would "place a reasonably prudent person in fear of not receiving a fair and impartial trial." Livingston, 441 So.2d at 1087.
The Supreme Court of Florida recently decided negatively the question of whether campaign contributions to a judge by counsel for a party would serve as a basis for disqualification. Our decision in this cause is consistent with the views of the majority in that case that "[w]e cannot operate a judicial system, or indeed a society, on the basis of the factually unsubstantiated perceptions of the cynical and distrustful." MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990) (quoting Breakstone v. MacKenzie, 561 So.2d 1164, 1178 (Fla. 3rd DCA 1989) (Schwartz, C.J., dissenting)).
PETITION DENIED.
JOANOS, NIMMONS and ZEHMER, JJ., concur.

OPINION ON REHEARING
PER CURIAM.
On October 4, 1990, we issued a published opinion which set forth our reasons for denying a petition for writ of prohibition which challenged the decision of the Honorable George Reynolds, III, to deny a motion for disqualification. Petitioners have filed a motion seeking, inter alia, rehearing of that decision.
Petitioners bring to our attention an apparent misstatement of fact in our prior opinion. We stated there that an action was brought in circuit court against Leon County, the City of Tallahassee, and the Leon County Canvassing Board which sought to invalidate an election in which a local option one cent sales tax was approved. Petitioners point out that their original complaint, filed in October, 1989, named only the canvassing board as a defendant. The city and county did not become parties to the action below until named as defendants in an amended complaint in April, 1990. Accordingly, we correct our opinion of October 4 to reflect the true state of the record. We find, however, that these corrected facts in no way change the legal conclusions we reached therein. Accordingly, except to amend the recitation of facts in our prior opinion as *498 stated above, petitioners' motion for rehearing is denied.
JOANOS, NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Apparently the plaintiffs' search for grounds for disqualification of Judge Reynolds continued. In their petition to this court they made an argument not made below, that the trial judge should have been disqualified because certain contributors to his election campaigns also made contributions to the supporters of the tax. We believe such grounds would properly have to be presented to the trial court before this court could consider it on a petition for writ of prohibition. If the issue were properly before us, we would not likely find it meritorious in light of MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990).
[2] The motions also contain allegations that "[c]ounsel [for plaintiffs] recalls that Judge McClure, chief judge of the circuit, publicly called for passage of the sales tax." We do not believe that counsel's unsubstantiated recollection is sufficient under these circumstances. We also do not find that Judge McClure's position on the issue is controlling as to whether or not Judge Reynolds should be disqualified.