MAKAR, J.,
concurring in part, dissenting in part.
This election contest case, which began in early September 2016, has resulted in *709 three emergency appellate proceedings, all of which were avoidable had the requisite answer, discovery, and evidentiary hearing been held expeditiously as Florida law requires. See §§ 102.168(1), (3)(b) & (7), Fla. Stat. (2016). Needless delays have impeded the right of the electors of the City of Tallahassee to a speedy resolution of this controversy, one that needs final resolution for the sake of local governance. Public controversies are brought to appellate courts for resolution; we don’t seek them out. And when they land on our plate, and involve matters of great urgency, we dig in and adjudicate them with studious speed.
In this one case, we’ve now issued three opinions this week, all of which I fully concur in except the conclusion that Jackson waived his right to seek appellate review of the trial judge’s denial of Jackson’s disqualification motion. Filing a prohibition petition in an appellate court challenging the denial of a disqualification order— versus raising the issue on appeal after final judgment—need only be done as soon as practicable. People Against Tax Revenue Mismanagement, Inc. v. Reynolds, 571 So.2d 493, 496 (Fla. 1st DCA 1990). Jackson did so. He filed his prohibition petition in this Court midday on Sunday, November 20th, challenging the trial court’s order, which was entered shortly before noon on Wednesday, November 16th. Spaced in-between was extensive legal work by the parties, including compliance with the trial court’s simultaneous order requiring the filing of written statements as to discovery, outstanding motions, and all other issues to be considered in advance of a case management conference held on Friday morning November 18th.
As a part of his detailed filing, Jackson made clear that appellate review of the disqualification order was forthcoming, saying as follows: “For the benefit of the appellate record, Jackson requests that this court state the basis on which it denied his motion for disqualification.” (Emphasis added). The disqualification issue did not come up at the hearing, and neither Maddox nor the City claimed Jackson waived his right to seek appellate review of the disqualification order by appearing at or participating in the conference. Indeed, Jackson had no legal responsibility to say or do anything further to preserve his right of appellate review, particularly in light of his case management filing highlighting the matter. It would have been futile for Jackson to have told the trial court to halt the Friday case management conference, particularly given this Court had directed the trial court to move forward expeditiously; and Jackson didn’t have the option of boycotting the proceeding. Telling the trial court “I’m seeking review of your disqualification order” at the case management conference might have been a nicety (he’d already said as much in his case management report), but it would have no legal effect on Jackson’s appellate rights. Other than simply saying so, no legal authority exists that Jackson had to request a stay of proceedings, should have objected to the trial judge continuing to preside over the case, and had to invoke our Court’s prohibition jurisdiction prior to the case management conference; these are desirable trial practice pointers, but aren’t legal grounds for waiving appellate rights.
Finally, unlike cases the panel cites where a litigant dithers and fails to seek disqualification timely in the trial court, Jackson timely sought disqualification below. He then specifically said appellate review was forthcoming in his case management statement and soon thereafter (on a weekend no less) filed a petition promptly. Where a litigant has preserved his right to appellate review and timely *710 sought review, and no opposing party claims waiver, we should not so readily deny him that right, particularly when we’ve been charitable in allowing review in the past for situations involving exceptionally deleterious inactions. See People Against Tax Revenue Mismanagement, 571 So.2d at 494-96 (adjudicating the merits of a prohibition petition filed on a Friday afternoon to stop a Monday trial despite petitioner having presented disqualification issue in an untimely way numerous times in the trial and appellate court over a year’s time). And because no party has raised the waiver issue in this proceeding, Jackson has had no opportunity to defend whether his attendance and participation at the case management conference amounts to' a waiver of his appellate right; he will surely be surprised to discover that this Court has unilaterally adjudicated the matter without notice and' an opportunity to defend this right, one that should not be taken away under the circumstances.