573 So.2d 31 (1990)
PEOPLE AGAINST TAX REVENUE MISMANAGEMENT, INC., Danny McDaniel, Joel Dalafave, Charles Smith, Appellants,
v.
LEON COUNTY CANVASSING BOARD, Appellee.
No. 90-1678.
District Court of Appeal of Florida, First District.
December 18, 1990.
Rehearing Denied January 24, 1991.
*32 Kenneth Muszynski, Tallahassee, for appellants.
Hume F. Coleman, Harry R. Detwiler, Jr. and Susan L. Turner, Holland & Knight, Tallahassee, for appellee.
PER CURIAM.
Appellants, People Against Tax Revenue Mismanagement and several individuals, appealed a final order dismissing the Leon County Canvassing Board, the appellee, from a civil suit. Appellants have also filed in this case, subsequent to the filing of their reply brief, a twenty-page pleading, plus attachments, styled: "Motion for a Writ of Certiorari as Ancillary Relief." In response to that motion, appellee filed a Motion for Sanctions. Appellants have most recently filed a Suggestion for Recusal. The judges filing this opinion have each considered the suggestion for recusal, and each finds no basis for recusal from this case. For the reasons more fully explained below, we deny the relief requested by appellants and grant appellee's motion for sanctions.[1]
In October 1989, appellants filed suit against the Leon County Canvassing Board, alleging that the complaint was filed, pursuant to section 102.168, Florida Statutes (1987), in order to set aside the result of the sales tax referendum held in Leon County on September 19, 1989. In this referendum, the voters of Leon County approved a local option sales tax proposal, thereby raising the sales tax paid in Leon County. Appellants alleged in their complaint that prior to the referendum vote the Board of County Commissioners of Leon County and the Tallahassee City Commission, acting in concert, engaged in "a campaign effort which was a breach of their trust with the public and was permeated by fraud on the electorate, gross wrongdoing, and substantial violations of law."
The complaint also alleged that the Leon County Commissioners, in approving the wording of the referendum ballot, violated section 101.161(1), Florida Statutes (1987), in that the ballot question was not presented in a clear, unambiguous manner and was affirmatively misleading. Furthermore, appellants alleged that the misrepresentations made on the ballot were the culmination of a series of misrepresentations made by city and county officials who engaged in a campaign to promote the tax. Appellants alleged that in this campaign, the city and county expended public funds to promote the tax, used the services of public employees, and failed to adhere to campaign finance and sunshine laws. Based on these summarized allegations, appellants sought to void the result of the September 19, 1990 referendum.
The trial court granted the appellee's motion for summary judgment on the ground that the Leon County Canvassing Board was not a proper party to the suit. In so ruling, the trial court stated that the record showed, and appellants admitted in open court, that there were no irregularities in the balloting or counting process.
On appeal, appellants do not take issue with that finding. In fact, no argument is made whatsoever about whether the appellee, the Leon County Canvassing Board, is a proper party to this suit. Instead, appellants devote their argument to the impropriety of using public funds, public facilities and public employees to campaign for *33 a local option tax, and in so arguing, appellants claim the instant case is "strikingly similar" to Palm Beach County v. Hudspeth, 540 So.2d 147 (Fla. 4th DCA 1989).
In that case, certain residents of Palm Beach County sought an injunction to remove a referendum question from the ballot. An injunction was issued by the circuit court but was stayed by order of the district court. The question therefore remained on the ballot, and the voters subsequently approved the creation of a health care district. While the correctness of the temporary injunction was moot since the referendum had been considered by the electorate, the district court nonetheless elected to retain jurisdiction to consider the question of whether passage of the referendum was "tainted" by the ballot language employed or by inappropriate expenditures.
The Hudspeth court found the ballot language did not violate section 101.161(1). 540 So.2d at 152. As for the expenditure of public funds, the court observed that while a county may, and should allocate tax dollars to educate the electorate on the purpose and ramifications of a referendum, "it must do so fairly and impartially." 540 So.2d at 154. The court did not pass judgment on the expenditures made by Palm Beach County.
The county government, and not the local canvassing board, was the defendant in Hudspeth, and the question before that court was not the propriety of voiding an election under section 102.168, which is the question before this court. Therefore, we find Palm Beach v. Hudspeth is inapposite to the case before us.
Appellants have not persuaded us that the Leon County Canvassing Board was properly named in appellants' action. The canvassing board, consisting of the supervisor of elections, a county court judge, and the chairman of the board of county commissioners, is constituted to canvass absentee ballots and the vote given each candidate, nominee, constitutional amendment, or other measure submitted to the electorate, and to examine the counters on the voting machines or the tabulation of the ballots cast in each precinct to ensure that the returns correctly reflect the votes cast. Section 102.141, Florida Statutes (1987). If any candidate or measure is defeated by one half of one-percent or less, the canvassing board is responsible for conducting a recount. The canvassing board is also required to certify the results of the election to the Department of State and to file a report to the Division of Elections on the conduct of the election. Id. Section 102.168, the section cited by appellants as authority for their suit, provides that "the certification of the election or nomination of any person to office, or of the result of any question submitted by referendum, may be contested in the circuit court by any unsuccessful candidate for such office or nomination thereto, or by any taxpayer, respectively." (Emphasis added). Appellants do not claim in their complaint, or in their argument made on appeal, that the canvassing board erred in its certification of the local option sales tax referendum result. Because appellants' grievances concern matters apart from the conduct of the Leon County Canvassing Board in canvassing or certifying the sales tax referendum, we agree with the trial court that suit was improperly brought under section 102.168 against the Leon County Canvassing Board. In so ruling, we do not pass judgment on the conduct of the city and county governments as alleged by appellants.
After the trial court dismissed the Leon County Canvassing Board from the originally filed complaint, appellants filed an amended complaint naming the City of Tallahassee and Leon County as defendants. Appellants essentially renewed in the amended complaint the allegations made in the original complaint. After appellants' voluntary dismissal of the amended complaint, they filed in this court their "Motion for Writ of Certiorari as Ancillary Relief" alluded to earlier in this opinion.
The issues raised in the motion for certiorari concern matters arising after the amended complaint was filed. In broad terms, appellants take issue with the trial court's attempt to schedule pretrial proceedings *34 and to set the case for trial on the issues raised against the City and the County, who are neither parties to this appeal, nor parties to any action now pending below. After review, we find the motion to be totally frivolous, within the purview of sections 57.105, 59.46, Florida Statutes (1989). We grant appellee's motion for an award of attorney fees and costs. Accordingly, we remand to the lower court for a determination of the appropriate amount of the sanction.
REMANDED.
SMITH, NIMMONS and MINER, JJ., concur.
NOTES
[1] Appellants also filed a petition for a writ of prohibition in which appellants argued that the trial court improperly denied a motion for disqualification. This court denied the petition. People Against Tax Revenue Mismanagement v. George S. Reynolds, III, et al., 571 So.2d 493 (Fla. 1st DCA 1990).