Daniel **FREUND**, as personal representative of the Estate of Timothy Alan Walsh, and Katherine Freund, as mother and next friend of Alison and Ryan Walsh, Plaintiffs,

v.

**FLEETWOOD ENTERPRISES, INC.,** Southwind Motor Homes, Inc., Stolle Corporation, Manchester Tank & Equipment Co., CCI Controls, and U-Haul International, Inc., Defendants.

Civ. No. 89–0230–P.

United States District Court,
D. Maine.

Feb. 5, 1991.

See also 755 F.Supp. 1094.

Thomas J. Connolly, Portland, Me., for plaintiffs.

Ernest J. Babcock, Portland, Me., for CCI Controls.

Lawrence C. Winger, Portland, Me., for Manchester Tank & Equipment Co.

James Goggin, Portland, Me., for Norcold.

Theodore Kirchner, Portland, Me., for U-Haul Intern., Inc.

Thomas J. Quinn, Portland, Me., for Fleetwood Enterprises, Inc. and Southwind Motor Homes, Inc.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT U-HAUL INTERNATIONAL, INC.

GENE CARTER, Chief Judge.

This is a diversity action for wrongful death arising under Maine law. The case arises out of the explosion and resulting fire that occurred in Plaintiffs' decedent's recreational vehicle on September 21, 1987. It is alleged in the Complaint that the vehicle in question was built by Fleetwood Enterprises, Inc./Southwind Motor Homes, Inc. and that Defendant Manchester Tank & Equipment Company built for installation therein a gas control panel which included as an integral element thereof an LP gas detector which it is alleged was manufactured by Defendant CCI Controls. It is also alleged that Defendant Stolle Corporation manufactured a propane gas fueled refrigerator which was installed in the recreational vehicle. The Court has previously denied motions for summary judgment of Stolle Corporation (Docket No. 84), Manchester Tank & Equipment Company and CCI Controls (Docket No. 91), and

Fleetwood Enterprises, Inc. (Docket No. 96). The Court recently granted, by its Procedural Order of February 1, 1991 (Docket No. 124), the motion of Defendant Stolle Corporation for reconsideration of the Court's action denying that Defendant's motion for summary judgment. This reconsideration is now pending awaiting the filing of further written submissions.

The Court now has before it for action the Motion for Summary Judgment filed by Defendant U-Haul International, Inc. (Docket No. 86). The Court acts herein on said motion on the basis of the written submissions of the parties.

Under the Complaint, Defendant U-Haul International, Inc., together with all other Defendants, is a party against whom recovery is sought on a theory of negligence, in Counts I-V of the Complaint, on various claims of Plaintiffs in either their representative or individual capacities. The Complaint alleges in paragraph 11 that Defendant U-Haul International, Inc. "is a corporation organized under the laws of the United States with headquarters in Phoenix, Arizona, regional headquarters, Manchester, New Hampshire, and doing business in Saco, Portland, and other locations in Maine." Third Amended Complaint (Docket No. 51) 3 at ¶ 11. That allegation is denied *in toto* in Defendant U-Haul International, Inc.'s Answer to Plaintiffs' Third Amended Complaint (Docket No. 83) at 2.

The principal allegations of substantive fact made against U-Haul are set forth in paragraphs 29-31 of the Third Amended Complaint. There it is alleged that Plaintiffs' decedent, on several occasions after purchasing the recreational vehicle in question, took it "to Defendant U-Haul in Saco or at [*sic*] another location in Maine for repairs on the gas system." Third Amended Complaint at ¶ 29. It is alleged that "U-Haul" was bound to repair the recreational vehicle or the malfunctioning part thereof in good faith and in a workmanlike fashion. *Id.* at ¶ 30. Finally, it is alleged that "U-Haul" undertook to repair the motor home but did so negligently and failed

to do so in good faith and in a workmanlike fashion. *Id.* at ¶ 31.

The only other allegations that relate to this Defendant are those set forth in Count XVII, wherein it is alleged again that "U–Haul was bound to repair the motor home and its component parts in good faith and in a workmanlike fashion, *id.* at ¶ 98, and that the Defendant undertook to repair the motor home but failed to do so in good faith or in a workmanlike fashion." *Id.* at ¶ 99. It is further alleged that the Defendant "negligently failed to remedy the problem ... [Plaintiffs' decedent] had asked them to remedy." *Id.* at ¶ 100. Finally, it is alleged that Defendant failed to warn the decedent of the dangers inherent in continuing to use the vehicle after the negligent failure to repair. *Id.* at ¶ 101.

In support of the motion now pending, Defendant U–Haul International, Inc. has filed a Statement of Undisputed Material Facts. It asserts that there is no genuine issue to be tried with respect to the following material facts:

1. Defendant U–Haul International, Inc. (hereinafter "UHI") does not have any employees in Maine, and in 1986–1987 performed no service or repairs of recreational vehicles in the State of Maine. *Affidavit of John A. Lorentz* ¶¶ 3–4.

2. Any repairs or service work performed on recreational vehicles in Maine under the "U–Haul" trade name in 1986–1987 was performed by U–Haul of New Hampshire and Vermont, Inc. *Defendant U–Haul's Answers to Interrogatories and Request for Production of Documents Under Rule 34*, No. 3.

3. Any recreational vehicle repairs or service work performed in Maine by U–Haul of New Hampshire and Vermont, Inc. in 1986–1987 would routinely have been recorded in a service invoice, a copy of which would routinely have been retained on microfiche by Defendant UHI. *Defendant U–Haul's Answers to Inter-*

*rogatories and Requests for Production of Documents Under Rule 34*, No. 7.[1] Defendant U–Haul International, Inc.'s Statement of Undisputed Material Facts, 1–2 at ¶¶ 1–3. Thus is generated, at the first stage, the issue as to whether or not the named Defendant, U–Haul International, Inc., itself ever took any action to repair any condition of the subject recreational vehicle, through agents, corporate or otherwise.

■■■ A motion for summary judgment must be granted if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

[T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable is-

---

1. The Statement then goes on to set forth propositions of fact, allegedly undisputed, that go to the question of whether or not U–Haul of New Hampshire and Vermont, Inc. ever worked on the recreational vehicle. The Court finds no need to deal with the arguments based on those assertions.

sue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

*Brennan v. Hendrigan,* 888 F.2d 189, 191–92 (1st Cir.1989). It is well-established law in this district that Fed.R.Civ.P. 56 requires the Court to examine the merits of a motion for summary judgment even though a nonmoving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick,* 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman,* 594 F.Supp. 1315 (D.Me.1984). However, a party who fails to object to a motion for summary judgment within ten days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Lehman,* 594 F.Supp. at 1321.

■ The Court now looks to the supporting papers on the motion and the citations to materials of evidentiary quality in support of the issue which the Court has now isolated for consideration as a basis for its action upon the motion. The affidavit of Mr. Lorentz cited in Defendant's Statement of Undisputed Material Facts sets forth in its entirety the following information:

1. I am presently employed by U–Haul International, Inc., a Nevada corporation, serving as Assistant Secretary, hereinafter referred to as UHI. I have been employed by the Company in excess of 36 years. All of the statements made herein are true and correct to the best of my knowledge and are made on personal knowledge.

2. UHI is a Nevada Corporation, having its principal and only place of business in Phoenix, Arizona.

3. UHI, a Nevada Corporation, performs accounting, clearinghouse, technical, advisory and purchasing services for the corporations which make up the U–Haul System. UHI receives a fee for these services from the corporations.

4. At no time material to the allegations in the complaint, has UHI been qualified to do business in the State of Maine, nor has it at any such time transacted business of any type in the State of Maine, nor has it employed any persons, agents or representatives in Maine.

Affidavit of John A. Lorentz (Docket No. 89), ¶¶ 1–4. The cited affidavit of Mr. Renckly reads as follows:

1. I am presently employed by U–Haul International, Inc., a Nevada corporation, herein referred to as UHI, as Corporate Records Manager. I have been employed by the Company for 20 years. All of the statements made herein are true and correct to the best of my knowledge and are made on personal knowledge.

2. UHI performs accounting and clearinghouse functions for the entities which make up the U–Haul system. In part, this service entails receiving, processing and microfilming service invoices of repairs performed by the U–Haul entities.

3. Three document searches were conducted between March and November of 1990. The search parameters involved looking for repair/warranty/sales or service invoices between the dates of 2/18/86 and 9/21/87 for various U–Haul locations in Maine, which may have performed service to an independently owned motorhome described as a Fleetwood coach number 721BG7118373—or—1GBVP37W9F3344929, belonging to Timothy Walsh.

4. The document searches resulted in locating one service invoice for Mr. Walsh involving an oil filter/oil change and State inspection for his Fleetwood motorhome.

Affidavit of Frederick G. Renckly (Docket No. 88), ¶¶ 1–4. Plaintiffs have nowhere controverted the facts set out in the Lorentz and Renckly affidavits.

In its Responses to Plaintiffs' Requests for Admission of Facts, Defendant U–Haul International, Inc. stated: [2]

13. Did Defendant U–Haul, at any time between April 1986 and September 21, 1987 perform any maintenance, repairs, servicing or cleaning services on a Fleetwood/Southwind recreational vehicle for Timothy Walsh?

ANSWER: Defendant U–Haul International, Inc. never performed any such maintenance, repair or service. The only such work that Defendant U–Haul International, Inc. is aware of having been done by any affiliate corporation is the bumper replacement and tow bar installation reflected on the service invoice previously provided, dated May 16, 1986. That work was performed on an S–10 Blazer and not a recreational vehicle. In addition, there was some work related to an oil change and state inspection on April 27, 1987. That work was performed in a repair shop operated by U–Haul of New Hampshire and Vermont, Inc.

Defendant U–Haul International, Inc.'s Response to Plaintiffs' Second Request for Admission at ¶ 13. Previously the Defen-

dant had provided the following response to another so-called requested admission of fact:

3. State whether U–Haul performed maintenance and repair services on Fleetwood vehicles and their components in Maine in 1986 and 1987.

ANSWER: Defendant U–Haul International, Inc. performed no such maintenance or repair services. All such operations performed in the State of Maine under the U–Haul trade name were performed by U–Haul of New Hampshire and Vermont, Inc.

*Id.* at ¶ 3. To a request for admission of fact as to whether any corrections were performed on the subject recreational vehicle by the named Defendant, the following answer was given:

ANSWER: Defendant U–Haul International, Inc. is unaware of any "gas valve fix" ever being performed on a recreational vehicle for Timothy Walsh. It was not the practice of the U–Haul repair shop in Portland to perform this "gas valve fix" for nonfleet vehicles. The U–Haul repair shop in Portland did not stock the part required to perform the gas valve fix.

*Id.* at ¶ 28.[3]

These assertions from the above materials of evidentiary quality in this case are sufficient to establish a number of propositions. Defendant U–Haul International, Inc. is a corporate entity having its principal place of business in Phoenix, Arizona. The company has never transacted any business in the State of Maine. The corpo-

---

**2.** Counsel for Plaintiffs fails to appreciate the stylistic as well as the systemic differences between Requests to Admit, *see* Fed.R.Civ.P. 36, and Interrogatories, *see id.*, Rule 33. Although labeled as Requests for Admission of Facts by Plaintiffs, the discovery tool employed is really a set of Interrogatories. An Interrogatory is, in common and proper practice, a question which seeks in response thereto an answer setting forth responsive, usually factual, information. A Request to Admit a Fact is the statement of a proposition of fact which seeks the responding party's admission or denial that the proposition is true without the provision of any explanatory information. The responses filed to Plaintiffs' improperly characterized discovery initiative are made under oath.

**3.** The Court is relying upon a copy of Defendant U–Haul International, Inc.'s Response to Plaintiffs' Second Request for Admission attached as Exhibit K to Plaintiffs' Memorandum of Law in Support of Their Objection to Defendant U–Haul's Motion for Summary Judgment (Docket No. M). Under the standing procedure of this Court, counsel do not routinely file any original discovery materials with the Clerk but are required by Local Rule 19(a) to file with any motion "affidavits and other documents setting forth or evidencing facts on which the motion is based...." Local Rule 19(a).

ration has no employees or any place of business in the State of Maine. It has never done any work on the subject recreational vehicle. Its sole function with respect to repair activities on such vehicles in the State of Maine is the maintenance of a record-keeping system.

Further, the materials establish that U-Haul of New Hampshire and Vermont, Inc. is a corporation separate from the named Defendant U-Haul International, Inc. The materials suggest that there does exist a genuine issue of fact as to whether that latter corporation has ever had occasion to do any mechanical work or correction on the subject recreational vehicle.

Taken without more, and in light of the allegations of negligence set forth in the Complaint, these factual assertions clearly establish that there is no basis for any claim of negligence in performing repair work on the subject recreational vehicle against the named Defendant, U-Haul International, Inc. In order to avoid summary judgment, Plaintiff, under the accepted procedure, must create an issue of fact as to whether it is correct that Defendant has not itself, through its employees or through another party or entity acting as an agent, done any repair work on the subject recreational vehicle. In responding to the motion, Plaintiffs point to no direct evidence controverting the asserted fact that U-Haul International, Inc. has never done any mechanical work in the State of Maine and specifically that it has never done any such work on the subject RV. The only evidentiary materials to which Plaintiffs can point are the inferences it contends should properly be drawn from the conduct of the named Defendant in responding to certain requests for document production and in responding to Plaintiffs' Requests for Admissions of Fact. *See* Plaintiffs' Memorandum of Law in Support of Their Objection To Defendant U-Haul's Motion for Summary Judgment at 2–4. Plaintiffs then set forth their position to be that

> Defendant U-Haul has therefore admitted that Timothy Walsh took the recreational vehicle to their Portland facility and they performed service on it ...

thus, there is a genuine issue of material fact as to whether Defendant U-Haul's methods of record keeping and retrieval are adequate for present purposes. Defendant U-Haul's inability to retrieve its records of the transaction mentioned above is evidence which could convince a reasonable trier of fact that the apparent absence of such service records does not indicate that U-Haul performed no service on the Walsh vehicle or its refrigerator.

*Id.* at 4–5.

This is "cavalier advocacy," to say the best that can be said for it. When one comes to review the named Defendant's responses for the requested admissions of fact, it is crystal clear that Defendant has maintained throughout the clear distinction between its own corporate status and that of U-Haul of New Hampshire and Vermont, Inc., and that it has made it clear throughout its production of documents that what it was producing were documents that related to work that may have been done by the latter which happened to be in its possession, one may only infer from this record, because of its performance of *a record-keeping function* on behalf of the latter. In such circumstances, there is no basis whatever to draw from the production of those records any inference that they reflect repair activity undertaken by or on behalf of the named Defendant in the State of Maine. Indeed, it is established, without any controversy on the record here made, that the only possibility of any actual mechanical work being done by any entity having the designation "U-Haul" in its name is U-Haul of New Hampshire and Vermont, Inc. Plaintiffs have not pointed to any information that controverts that fact, nor have they pointed to any material whatever that would establish that the latter corporation acted at any time *in making any repairs to the vehicle* on behalf of, or as an agent for, the named Defendant. Likewise, there is a complete absence from the record of any evidence that would support any assertion of a basis for piercing the corporate veil between these two corporations; and, in fact, no

such claim is put forth in response to the motion.[4]

In sum, Plaintiffs have asserted in the Complaint a claim of negligence based upon the factual contention that the named Defendant, U–Haul International, Inc., acted to effect some mechanical repair or correction to the subject recreational vehicle. It is now established by the record made on this motion that, in fact, that did not occur. That being so, it is clear that there is no genuine issue of material fact and that Defendant is entitled, as a matter of law, to judgment against the Plaintiffs on all claims set forth in the Complaint. Accordingly, it is hereby ORDERED that Defendant U–Haul International, Inc.'s Motion for Summary Judgment be, and it is hereby, GRANTED, judgment to enter.

So ORDERED.

---

**4.** Unless and until there is a fact generated, on some legal theory, as to whether U–Haul of New Hampshire and Vermont, Inc. acted for or on behalf of U–Haul International, Inc., there is no relevant basis on which to impute to the latter corporation any inferences to be drawn from the documents generated by the former or its making of admissions in the course of discovery.

Likewise, any issue as to the adequacy of these companies' records retrieval systems sheds no light on the determination of whether U–Haul International, Inc. was involved in any way in the performance of actual mechanical repairs to the subject recreational vehicle in the face of the undisputed evidence which now demonstrates that it was not so involved.