ON MOTION FOR SANCTIONS
PER CURIAM.
Appellees Robert and Patricia Cook move this court to impose sanctions upon appellant William Biermann. They ask us to find that the present appeal, insofar as it attempts to relitigate matters that are res judicata, is “frivolous, [filed] in bad faith, and intended solely to harass the appellees and cause them to incur attorney’s fees in protecting their interests.”
An examination of the record readily reveals that appellees’ point is well-taken.
In 1978 Biermann acquired title to real property in Lake Placid. Despite Bier-mann’s claim that this constituted homestead property, it was later seized and sold to satisfy an Internal Revenue Service tax lien. Robert and Patricia Cook were the purchasers. In 1988 appellees filed an action to quiet title and for ejectment. The circuit court granted summary judgment for appellees, Biermann appealed, and this court affirmed without opinion. Bier *1030 mann v. Cook, 570 So.2d 1308 (Fla. 2d DCA1990) (table).
Biermann then filed a document entitled “new evidence presented as compulsory judicial notice and motion to vacate judgment filed November 30, 1988” in which he took issue with the circuit court’s finding (nearly three years earlier) that the federal district court had remanded this case to state court. Biermann also filed a “cross motion for summary judgment” and various other unorthodox pleadings. The circuit court correctly treated Biermann's efforts as a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540 and, on May 8, 1992, denied all requested relief.
At some point in the proceedings Bier-mann claims to have “learn[ed] how the courts of this great nation are controlled by the Uniform Commercial Code,” as the result of which he filed a “notice of revocation of signature and power of attorney” under which he “revokes and makes void ... all signatures on any instruments and any express or implied power of attorney therewith, in fact or assumption, signed either by him or anyone acting as his agent, presumed to be signed, or unsigned, as it pertains to this case. Biermann next served a “demand” upon the presiding circuit judge, three additional motions for rehearing, a “notice of dishonor,” and a second “notice of revocation of signature and power of attorney.” Suffice it to say that each and every one of these documents and the complaints contained therein are frivolous beyond reasonable doubt.[1]
The circuit court’s order of July 13, 1992, which denies Biermann’s motions for rehearing, is the order that Biermann now appeals. Since commencing the appeal Biermann has inundated this court in similar fashion. In addition to an initial brief we have received such items as Biermann’s “Notice of Errors and Demand Upon This Court” and a “Judicial Notice, Demand Upon This Court, and Notice of Dishonor.” These documents are replete with wide-ranging conspiracy theories involving ap-pellees and their attorney, the organized Bar, international bankers, and others. None presents even a preliminary basis for relief. No court is obligated to permit a litigant “to take advantage of the court as the forum to express his personal criticism and castigation not only of his adversary but of opposing counsel, court staff, and judiciary.” Continental National American Group v. Majeske, 30 Conn.Supp. 567, 568, 305 A.2d 291, 292, certification denied, 164 Conn. 708, 302 A.2d 293 (1973).
Accordingly, this court orders as follows:
(1) All pending motions filed by Bier-mann are hereby stricken as unauthorized by the Florida Rules of Appellate Procedure;
(2) Appellees’ motion’ for sanctions is granted;
(3) This court finds that Biermann’s appeal is utterly without “a justiciable issue of either law or fact” and is brought in bad faith. For this reason the appeal is hereby dismissed;
(4) Appellees are awarded attorneys’ fees,[2] in an amount to be set by the circuit court after remand, sufficient to cover any costs reasonably incurred in responding to this appeal;
(5) This court specifically approves that portion of the circuit court’s order of June 9, 1993 (amended June 23), which declines to hear “[any] other matters [in this case] save routine postjudgment proceedings which may still be required.” In the event Biermann, after remand, persists in his *1031 abuses of the judicial system, the circuit court may consider additional sanctions including attorneys’ fees and citation for contempt of court.
We have also determined that this order should be published in the Southern Reporter, in the hope it may come to the attention of persons contemplating lawsuits, appeals, or other legal action without the assistance of counsel. This case represents only the tip of a growing iceberg of such litigation. The majority of pro se litigants conduct themselves, if not always with the expertise of trained attorneys, respectfully, candidly, and with honest effort to abide by rules of procedure. Most, that is, but not all. If ill-advised, vexatious appeals were only a minor annoyance, we would accept them as an unavoidable aspect of a court system that must remain open to all citizens. However, as we stated in Eichelberger v. Brueckheimer, 613 So.2d 1372, 1373 (Fla. 2d DCA1993):
This court, like all others in this country, operates with a finite number of judges and support staff, and under a finite amount of time. Each case competes with all others for a fair division of judicial resources. The simplest case exhausts taxpayer funds; such costs are seldom offset by filing fees which, in any event, are not assessed against indigents.
Our power, and desire, to impose sanctions against pro se and/or indigent litigants is limited by the constitutional right of access to the courts, by the statutory ability of indigents to obtain court services at little or no cost,[3] and by a well-recognized principle that non-lawyer litigants not be penalized for any inability to observe strict compliance with rules of procedure. None of these considerations, however, should inhibit a court from stepping in to prevent abusive nuisance litigation.
While pro se litigants may be given a certain amount of latitude in their proceedings, they may not proceed in such a fashion as to abuse the judicial process, prejudicing the opposing party’s interests as well as other litigants’ access to the judicial system.
Federal Land Bank of Spokane v. Heidema, 224 Mont. 64, 68, 727 P.2d 1336, 1338 (1986).
Motion granted; appeal dismissed; remanded for assessment of attorneys’ fees.
FRANK, A.C.J., and THREADGILL and BLUE, JJ., concur.

. To cite but one example, Biermann refused to accept correspondence from appellees’ attorney because it was "not properly addressed” (notwithstanding the obvious fact he received it). Among the deficiencies pointed out by Bier-mann was the abbreviation of "Florida” and a failure to place Biermann’s "zip code" in parentheses. “If I were to accept an envelope that was improperly addressed,” Biermann complained, "it would constitute a waiver of my God-given unalienable rights; as well as by such acceptance, I would be participating in the violation of Florida procedure."

. See §§ 57.105(1), 59.46, Fla.Stat. (1991); People Against Tax Revenue Mismanagement, Inc. v. Leon County Canvassing Board, 573 So.2d 31 (Fla. 1st DCA1990); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA1980).

. It should be noted that Biermann is not, nor has he professed to be, indigent. We therefore need not determine whether an assessment of attorneys’ fees, under section 57.105, is permissible against an indigent pro se litigant. Realistically, such sanctions may be "meaningless when litigating with an indigent.” Delbridge v. Schaeffer, 238 NJ.Super. 323, 332 n. 4, 569 A.2d 872, 876 n. 4 (1989). But see Souder v. Webb, 198 Ga.App. 419, 401 S.E.2d 630 (1991) (attorneys' fees properly assessed in frivolous civil rights complaint filed by indigent).