PER CURIAM.
The appellants, Arthur and Valerie Heikes, on behalf of themselves, and as class representatives, appeal from a final summary judgment entered in favor of Republic Insurance Company (“Republic”), and from the denial of their motion for rehearing. We affirm in part, reverse in part and remand for further proceedings.
In November 1994, the Heikes filed a class action suit against Republic Insurance Company. The gravamen of the complaint avers that the plaintiffs were buyers of homes constructed by General Development Corporation (“GDC”), and purchasers of homeowner’s insurance policies from Florida Insurance Concepts (“FIC”), a wholly owned subsidiary of GDC. FIC placed insurance policies on each of the plaintiffs’ properties through various insurance companies including *98 Vanguard Insurance Company (“Vanguard”), Merrimack Mutual Fire Insurance Company (“Merrimack”), and Republic.[1] The complaint alleges that each homeowners’ insurance policy sold to the class plaintiffs through FIC had excessive insurance premiums because it was calculated on an inflated value or replacement value of the homes.
The trial court certified the class in February 1999, and incorporated into its order a list of class members based on a response to a request for production, a computer printout provided by Republic, of the insureds.[2] Republic appealed the order certifying the class, but we affirmed. See Republic Ins. Co. v. Heikes, 741 So.2d 1179 (Fla. 3d DCA 1999).
Following our affirmance the parties engaged in settlement discussions. At that time plaintiffs’ counsel indicated that he was unclear about which policies on the printout were issued by Vanguard and which were issued by Republic. On May 11, 2000, the Heikes served an interrogatory requesting a breakdown of the Republic and Vanguard insureds, to which Republic responded that code “2” were Vanguard insureds and code “1” were insured by Republic. This information showed that out of a certified class of 2,370, 2,168 of the class members, including the Heikes, were not insured by Republic.
Thereafter Republic moved for summary judgment on grounds that since, among others, the class representatives and a majority of the class members were not insured by Republic, no valid cause of action against Republic existed. The trial court granted summary judgment in Republic’s favor. The Heikes’ motion for rehearing was denied, and a final judgment was entered. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
It is undisputed that the Heikes, the class representatives, and a majority of the class members were insured by Vanguard and not Republic. Thus, these insureds are maintaining an action against the wrong entity. Accordingly, as to these insureds’ claim against Republic, summary judgment was proper. See People Against Tax Revenue Mismanagement, Inc. v. Leon County Canvassing Bd., 573 So.2d 31 (Fla. 1st DCA 1991)(finding summary judgment proper where Leon County Canvassing Board was not proper party to suit); see also In re TEU Holdings, Inc., 287 B.R. 26 (Bkrtcy.D.Del.2002) (finding that, because party against whom relief was sought was not party to the contract, no contract or negligence action could lie against it); Freund v. Fleetwood Enterps., Inc., 756 F.Supp. 604 (D.Me.1991)(finding summary judgment was granted in favor of wrongly named entity where plaintiff sued “U-Haul International” for negligent repairs to vehicle, but named defendant made no repairs, and where evidence showed different entity, “U-Haul of New Hampshire and Vermont,” serviced vehicles in region.). These members, however, are not without recourse as they can join the related class action lodged against Vanguard on similar charges.[3]
*99 With regard to the over 200 class members who were insured by Republic, we find that summary judgment was improper. In an abundance of caution, however, we note that the certification of this class is not “final,” if it can be found that subsequent developments have altered a previous certification ruling. See Liggett Growp, Inc. v. Engle, 858 So.2d 434 (Fla. 3d DCA 2003). Thus, the trial court is not precluded, as plaintiffs suggest, by the doctrine of “law of the case” from revisiting the propriety of a class action in this case.[4] We also note that plaintiffs have not waived their entitlement to move for a substitution of class representatives, as defendant contends, and we direct the trial court to order the same. Thus, we reverse the summary judgment entered against the Republic insureds and remand for further proceedings.
Affirmed in part, reversed in part and remanded with instructions.

.Related class actions were also brought against Vanguard and Merrimack. See Augustine v. Vanguard Ins. Co., 793 So.2d 998 (Fla. 3d DCA 2001) rev. denied, 817 So.2d 852 (Fla.2002) and Merrimack Mut. Fire Ins. Co. v. Power, 727 So.2d 1000 (Fla. 3d DCA 1999).

. The computer printout evidenced homeowner policies issued through FIC by both Vanguard and Republic.

. In Augustine v. Vanguard, the trial court recently granted summary judgment in favor of Vanguard, but the court has granted the plaintiffs, represented by the same counsel as the plaintiffs here, leave to amend.

. But note that classes much smaller than the 200 plus Republic insureds have been certified. See Pottinger v. City of Miami, 720 F.Supp. 955 (S.D.Fla.1989)(25 members in class held sufficient); Basile v. Merrill Lynch, 105 F.R.D. 506 (Dist.Ct.Ohio 1985).