931 So.2d 169 (2006)
Elias MORALES and Dahlia Morales, Appellants,
v.
Leticia J. MARQUES, Appellee.
No. 5D05-4295.
District Court of Appeal of Florida, Fifth District.
May 12, 2006.
Rehearing Denied June 13, 2006.
*170 Elias Morales and Dahlia Morales, Windermere, pro se.
William J. McClellan, of Law Office of William J. McClellan, P.A., Orlando, for Appellee.
PLEUS, C.J.
Elias and Dahlia Morales appeal a final order dismissing their complaint for legal malpractice against attorney Leticia Marques. We affirm.
Mr. and Mrs. Morales filed an administrative complaint against Denny's Restaurant for alleged racial discrimination. They received a reply from the Florida Commission on Human Relations apprising them that they were free to file a civil action against Denny's and that the statute of limitations would run four years from the date of harm, or on December 27, 2006. On June 26, 2003, Mr. and Mrs. Morales retained attorney Leticia Marques to represent them in their suit against Denny's. Apparently dissatisfied with her, Mr. and Mrs. Morales filed a legal malpractice complaint against Marques in May 2005. Marques filed a motion to dismiss on the ground that Mr. and Mrs. Morales could not prove damages because the statute of limitations on their underlying claim had not yet run. The trial court agreed and dismissed the claim.
It is well established that an action for legal malpractice does not accrue until the underlying action is concluded with an adverse outcome to the client. Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla.1998). Until that time, a legal malpractice claim is hypothetical and damages are speculative. Id. at 1175; Hold v. Manzini, 736 So.2d 138 (Fla. 3d DCA 1999). Accordingly, the trial court correctly dismissed the complaint because the statute of limitations on their underlying claim had not yet run.
Additionally, Marques has filed a motion for appellate attorney's fees pursuant *171 to section 57.105, Florida Statutes, arguing that the appeal is frivolous. We agree. Mr. and Mrs. Morales raised three issues on appeal, none of which had merit or addressed the trial court's reason for dismissing their complaint. We find that Mr. and Mrs. Morales knew or should have known that their claims on appeal, when presented to this Court, were not supported by the material facts necessary to establish error below, nor were they supported by the application of existing law to those material facts.
We note that Mr. and Mrs. Morales have been determined to be indigent and also litigated this appeal pro se. We further note that one of our sister courts has questioned its ability to assess attorney's fees against indigent and/or pro se litigants in light of their right of access to courts. See Biermann v. Cook, 619 So.2d 1029, 1031 (Fla. 2d DCA 1993). However, Mr. and Mrs. Morales seem to have little difficulty finding their way into court. This is not the first malpractice action they have filed pro se. Moreover, they forced attorney Marques to defend this suit below and on appeal when they could have simply hired another attorney to pursue their claim against Denny's. Accordingly, we remand this issue to the trial court to assess reasonable attorney's fees incurred by Marques as a result of defending this appeal. See Crosspointe, Inc. v. Johnson, 899 So.2d 1145 (Fla. 1st DCA 2005).
AFFIRMED; REMANDED FOR DETERMINATION OF FEES.
PALMER and TORPY, JJ., concur.